FILED
2007 Mar-26 AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERIC BUTLER; GWENETTA BUTLER, | } } } |
| Plaintiffs, | } } CASE NO. CV 06-B-0552-S |
| vs. | } } |
| U.S. BANKRUPTCY COURT; ANDRE M. TOFFEL, | } } } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is currently before the court on appeal from the dismissal of the appellants' Chapter 7 bankruptcy petition for failure to timely pay their filing fee by the United States Bankruptcy Court for the Northern District of Alabama. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the decision of the Bankruptcy Court is due to be affirmed.

## I. FACTUAL SUMMARY

The appellants filed a bankruptcy petition under chapter 7 in the Bankruptcy Court for the Northern District of Alabama on September 16, 2006. (Doc. 1, Ex. 2 at 1.)[1] On September 19, 2005, the Clerk entered a "Notice of Non-Payment of Filing Fees" which stated that the filing fees of $209.00 "are to be paid within 2 business days from the date

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

of this notice or [the] case may be set for dismissal." *Id*. at 2.[2]  When the filing fee had still not been paid on September 23, 2005, the court entered a "Notice to Show Cause Why This Case Should Not be Dismissed for Failure to Pay Fee in the Amount of $209.00," and set a Show Cause hearing for 11:00 a.m. on October 18, 2005.  *Id*. at 3.  On October 17, 2005, counsel for the appellants, Oscar Adams, mistakenly tendered a check to the Clerk in the amount of $290.000, instead of $209.00, for the filing fee in this case, along with fifteen other checks for fees in other cases.  (Testimony of Mr. Burson, T. at 4.)  However, the checks were not entered until October 19, 2005 because the Clerk's office was undergoing upgrades to its cash register.  *Id*. at 5. On October 18, 2005 the Bankruptcy Trustee abandoned the appellants' assets by submitting his "Report of Trustee in No Asset Case" for approval by the court.  (Doc. 1, Ex. 2 at 3-4.)  Presumably because he believed that the filing fee in this case had been properly paid, Mr. Adams did not appear at the October 18, 2005 Show Cause hearing.  (T. at 2.)  Therefore, because the filing fee had not been paid and the debtor did not appear, the judge announced at the hearing that the case would be dismissed.  (T. at 2.)

According to the testimony of Mr. Burson, someone from the Clerk's office called Mr. Adams on October 20, 2005 to tell him that the check for the filing fee in this case was for $290.00 instead of $209.00, and to request a replacement check.  (Testimony of

---

[2] Appellants' counsel contends that the Clerk's Notice he received regarding non-payment did not state that if the fees were not paid in two days that the case would be dismissed. (Doc. 3 at 4.)

Mr. Burson, T. at 5.)  Mr. Adams tendered a replacement check for the correct amount to the Clerk's office on October 26, 2005.  (Doc. 1, Ex. 2 at 4.)  On that same day, the court reduced its oral dismissal to an order dismissing the appellants' case.  *Id*.  On October 31, 2005, the appellants filed a Motion to Reinstate Case.  *Id*.  The court held a hearing on the Motion on January 10, 2006 and, after hearing testimony from Mr. Adams and clerk Burson, announced that the Motion would be denied.  (T. 2, 6.)  The court found that, despite the fact that the filing fee had actually been over-paid the day before the Show Cause hearing, it had nonetheless been "basically a month" late, as it was due on September 21, 2005, two business days after the entry of the first notice of non-payment.  (T. at 6.)  The court entered an order denying the Motion to Reinstate on January 18, 2005.  (Doc. 1, Ex. 2 at 5.)

**II.    DISCUSSION**

This appeal concerns the dismissal of a bankruptcy petition under Section 707(a)(2) of the Bankruptcy Code.  11 U.S.C. § 707(a)(2).  Under that section, a bankruptcy court "may dismiss a case . . . after notice and a hearing, only for cause, including – nonpayment of any fees or charges required under chapter 123 of title 28."  *Id*.  Section 1930(a)(1)(A) of chapter 123, title 28, sets out the filing fees which must be paid by a party commencing a chapter 7 bankruptcy case.  Pursuant to Federal Rules of Bankruptcy Procedure 1006(a), "[e]very petition shall be accompanied by the filing fee," except under certain circumstances when the court gives the debtor permission to pay the

3

filing fee in installments. In this case, the debtors did not apply to pay the fee in installments, therefore, their filing fee was due at the time of the filing of their bankruptcy petition.

The appellants move the court to reverse the ruling of the Bankruptcy Court and to reinstate their chapter 7 petition, because the initial failure to pay the filing fee was due to mistake, and because the mistake was corrected and the filing fee paid by the time the Order dismissing the case was entered. The appellants contend that they are severely prejudiced by the dismissal of their case because re-filing subjects them to the rigors of new bankruptcy laws enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which came into effect on October 17, 2005, and which imposes new more rigorous requirements on bankruptcy debtors. *See* Pub. L. No. 109-8, 199 Stat. 23 (2005). The appellants argue that the dismissal of their case and the denial of their Motion to Reinstate constitute abuse of discretion. The court disagrees.

The court entered two notices regarding the failure to pay filing fees in this case. The first notice, entered on September 19, 2005, warned that if the fee was not paid within two business days, the case would be set for dismissal. Nevertheless, the fee remained unpaid and, on September 23, 2005, the court entered an Order setting a Show Cause hearing as to why the fee had not been paid. Still, as the Bankruptcy Court noted, (T. at 6), appellants did not even attempt to pay the filing fee until the day before the hearing, almost one month after the first notice of non-payment was entered.

Furthermore, presumably thinking that the filing fee had been paid, the appellants failed to appear at the hearing, and the case was dismissed. Appellants do not claim that they did not receive the notices of non-payment from the court, and do not offer any real excuse for the month-long failure to pay the filing fees which were due at the time the petition was filed. Under 11 U.S.C. 707(a)(2) the court may dismiss an action for failure to pay the required filing fees. Given the facts of this case, as outlined above, the court finds that it was not abuse of discretion for the Bankruptcy Court to dismiss appellants' case, or to deny their Motion to Reinstate, and that the decision of the Bankruptcy Court is due to be affirmed.

### III. CONCLUSION

Based on the forgoing, the decision of the Bankruptcy Court is due to be affirmed. An order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the 26th day of March, 2007.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE